UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JOHN DENES )
    Plaintiff, )
 )
vs. ) Civil Action No.
 )
 )
GC SERVICES, LP )
    Defendant, )
 )
 )

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, JOHN DENES, by and through his attorneys, the CONSUMER RIGHTS LAW FIRM, PLLC, and for his Complaint against the Defendant, GC SERVICES, LP, Plaintiff states as follows:

### I. *INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiff, John Denes, an individual consumer, against Defendant, GC Services, LP, and their agents for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. *JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Because Defendant conducts business in Eastern District of Michigan, personal jurisdiction is established.

4. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue in is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving right to the claim occurred in this District.

### *III. PARTIES*

6. Plaintiff, John Denes (hereinafter "Plaintiff"), is an adult individual who was at all relevant times residing in Walled Lake, Oakland County, Michigan 26125.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Upon information and belief the Defendant, GC Services, LP, (hereinafter "Defendant") is a business entity engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 6330 Gulfton Street, Suite 300, Houston, Harris County, Texas 77081.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors, bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

13. At all relevant times, Defendant acted through it duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. *FACTUAL ALLEGATIONS*

14. The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15. The alleged debt meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

16. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

17. On or About May 28, 2013, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff and threatened to garnish Plaintiff's wages.

18. Defendant has no standing to commence garnishment proceedings on behalf of the creditor.

19. Defendant is a debt collection company and as a debt collection company attempting to collection an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings which could result in garnishment.

20. The representations made to Plaintiff by Defendant regarding garnishment were false.

3

21. On or About May 28, 2013, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff and threatened to seize Plaintiff's tax returns.

22. Defendant has no standing to commence seizure proceedings on behalf of the creditor.

23. Defendant is a debt collection company and as a debt collection company attempting to collection an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings which could result in seizure.

24. The representations made to Plaintiff by Defendant regarding seizure were false.

25. On or About May 28, 2013, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff and threatened to place a lien on Plaintiff's home.

26. Defendant has no standing to commence lien proceedings on behalf of the creditor.

27. Defendant is a debt collection company and as a debt collection company attempting to collection an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings which could result in the placement of a lien.

28. The representations made to Plaintiff by Defendant regarding a lien were false.

29. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

30. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

31. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

32. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff.

## V. *CAUSES OF ACTION*

### *COUNT I*
### *VIOLATIONS OF THE FDCPA- 15 U.S.C. § 1692, et seq.*

33. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

34. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to the Plaintiff:

    (a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

    (b) Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hear or reader in connection with the collection of an alleged debt; and

    (c) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

5

(d) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the attachment of any property any person when such action is unlawful and the Defendant does not intend to take such action; and

(e) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

(f) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the seizure of any property or wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

(g) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(h) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

(i) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

6

35. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

36. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to one thousand dollars ($1,000.00) pursuant to 15 U.S.C. § 1692(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. 15 § 1692k(a)(3), from each Defendant herein.

## *VI. PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for the following:

A. Declaratory judgment Defendant's conduct violated the FDCPA.

B. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations.

C. Statutory damages of $1,000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

D. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

E. Punitive damages in such amount as is found appropriate.

F. For Such other and further relief as the Court may deem just and proper.

## VII. *DEMAND FOR JURY TRIAL*

Please take notice that Plaintiff, John Denes, demands trial by jury in this action on all issues so triable. US Const. amend 7. Fed.R.Civ.P. 38.

                    RESPECTFULLY SUBMITTED,

                    John Denes, Plaintiff

                    By his attorney,

Dated: October 2, 2013      s/Kevin J. Buckley, Jr.
                                    Kevin J. Buckley, Jr., Esq.
                                    Attorney for Plaintiff
                                    Consumer Rights Law Firm, PLLC
                                    231 Sutton Street, Suite 1-A
                                    North Andover, MA 01845
                                    Telephone: (978) 212-3300
                                    Facsimile: (978) 409-1846
                                    AttorneyKevinB@consumerlawfirmcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MICHIGAN )
                                  ) ss
COUNTY OF OAKLAND )

      I, JOHN DENES, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding against GC Services, LP.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. 1746(2), I, JOHN DENES hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.


Dated: Aug 25, 2013                      *John Denes*
                                                  John Denes (Aug 25, 2013)
                                                  JOHN DENES

Document Integrity Verified      EchoSign Transaction Number: XYYH9YEBXW3MV4K